# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **THE AMERICAN INSURANCE COMPANY** <br> **as Subrogee of MICHELE GUERARD** <br> 777 San Marin Drive <br> Novato, California 94998 <br><br> Plaintiff, <br><br> v. <br><br> **W.B. DORMAN CONSTRUCTION, INC.** <br> 13 Cleveland Avenue <br> Takoma Park, Maryland 20912 <br><br> and <br><br> **MASTERS ELECTRICAL** <br> **CONSTRUCTION, LLC** <br> 5680 Glenrock Drive <br> Frederick, Maryland 21703 <br><br> <u>Serve upon Registered Agent:</u> <br> National Registered Agents, Inc. of MD <br> 351 W. Camden Street <br> Baltimore, Maryland 21201 <br><br> and <br><br> **STUART CONTRACTORS LLC** <br> 4613 Sandy Spring Road <br> Burtonsville, Maryland 20866 <br><br> Defendants. | Civil Action No.: <br><br><br><br><br><br><br><br><br><br> **<u>JURY TRIAL</u>** <br> **<u>DEMANDED</u>** |

# **<u>COMPLAINT</u>**

Plaintiff, The American Insurance Company, a/s/o Michele Guerard, by and through its undersigned counsel, hereby demands judgment against defendants, W.B. Dorman Construction, Inc., Masters Electrical Construction, LLC and Stuart Contractors, LLC, and in support thereof avers as follows:

## PARTIES

1.      Plaintiff, The American Insurance Company a/s/o Michele Guerard, is a corporation organized and existing pursuant to the laws of the State of Illinois; with its principal place of business located at 777 San Marin Drive, Novato, California, 94998, and who at all times material hereto was duly authorized to issue insurance policies in the District of Columbia.

2.      Defendant, W.B. Dorman Construction, Inc. ("Dorman") is a corporation organized and existing pursuant to the laws of The District of Columbia with its principal place of business located at 13 Cleveland Avenue, Takoma Park, Maryland 20912, and who at all times material hereto was in the business of, inter alia, general contracting including but not limited to renovation and remodeling of residential homes.

3.      Defendant, Masters Electrical Construction, LLC ("Masters") is a corporation organized and existing pursuant to the laws of the State of Maryland with its principal place of business located at 5680 Glenrock Drive, Frederick, Maryland 21703, and who at all times material hereto was in the business of, inter alia, providing electrical services including but not limited to renovation and remodeling of residential homes.

4.      Defendant, Stuart Contractors, LLC ("Stuart") is a corporation organized and existing pursuant to the laws of the State of Maryland with its principal place of business located at 4613 Sandy Spring Road, Burtonsville, Maryland 20866, and who at all times material hereto was in the business of, inter alia, providing construction services including but not limited to power washing of residential home exteriors.

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332(a). The matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00) and there is diversity of citizenship between plaintiff and defendant.

6. Venue in this action is in the District of Columbia pursuant to 28 U.S.C. § 1391 as the claim and incident arose and occurred in this district.

## FACTUAL ALLEGATIONS

7. On and prior to December 5, 2013, plaintiff insured the real and personal property owned by its insured Michele Guerard, ( "plaintiff's insured"), located at 4702 Windom Place, NW, Washington, District of Columbia, ("the subject premises") pursuant to policy number NZC 03057982 ("the subject policy") which was in effect for a period of time including December 5, 2013.

8. On or about December 5, 2013 a fire ("the subject fire") occurred at the subject premises which originated at or near the electric sub panel box in the basement.

9. At all times material, defendant Dorman was the general contractor and/or construction manager at the subject premises.

10. At all times material, defendant Masters was a sub-contractor to Dorman and was the electrician at the subject premises.

11. At all times material, defendant Stuart was performing power washing duties at the subject premises.

12. Prior to December 5, 2013, plaintiff's insured contracted with Stuart to perform work at the subject premises which included the cleaning of the sides of the subject premises by way of power washing.

13. Prior to December 5, 2013, plaintiff's insured contracted with Dorman to perform renovations at the subject premises. The renovations included upgrades to the electrical system which were performed by Masters.

14. Prior to December 5, 2013, defendant Masters installed a new electric sub panel box in the basement of the subject premises.

15. Upon information and belief, Masters installed two (2) additional electrical circuit breakers to the existing electric sub panel so as to energize the new electric sub panel.

16. On various occasions prior to December 5, 2013, defendant Stuart performed power washing activities of the subject premises near the location where the main electrical feeder cable enters the subject premises.

17. Upon information and belief, water and/or moisture from the power washing activity was allowed to enter the main electric cable service entrance to the subject premises. This cable service was directly connected to the top of the existing sub panel box.

18. Due to Stuart's failure to properly seal or cover any openings to the subject premises prior to the start of power washing, water and/or moisture infiltrated into the top of the existing electrical cable panel box causing an arc fault at the location where Masters installed the two new circuit breakers which resulted in the subject fire.

19. Due to Masters' improper and faulty installation of the two new circuit breakers in to the existing panel box, an arc fault was allowed to occur which resulted in the subject fire.

20. The subject fire caused severe and substantial damage to the subject premises in an amount in excess of $500,000.00.

21. As a result of the subject fire, plaintiff's insured made claims under the subject policy issued to them by plaintiff.

22. Plaintiff has made payments to date to its insured in an amount in excess of $500,000.00 representing damages sustained by its insured. As the claim is currently open at the time of this filing, plaintiff's damage claim is incomplete.

23. As a result of the payments made by plaintiff, and pursuant to the contract of insurance and by operation of law, plaintiff is legally, equitably and contractually subrogated to the rights of the insured, against those parties responsible for the fire and resulting damages to the extent of the payments made by plaintiff.

24. The defendants named herein owed duties to plaintiff's insured and breached those duties.

25. The breaches of duty by the defendants were the legal and proximate cause of the damages sustained by the plaintiff and it's insured.

26. The defendants, at all times material hereto, were acting by and through their agents, servants, employees, workmen, and representatives.

## COUNT I
## PLAINTIFF v. DEFENDANT, W.B. DORMAN CONSTRUCTION, INC.
## NEGLIGENCE

27. Plaintiff incorporates by reference each of the foregoing paragraphs as though the same were set forth at length herein.

28. Defendant, pursuant to common law principles of negligence, is liable for the damages sustained by the plaintiff since its negligence was a proximate cause of the harm sustained by the plaintiff.

29. Defendant was negligent in that they:

    a) Failing to properly supervise the work of its agents, subcontractors and/or employees such that their negligent, reckless and careless failure to properly install the circuit breakers resulted in a fire;

    b) Improper installation of the circuit breakers;

    c) Failing to properly inspect, maintain, repair and service the components of the electric system servicing the subject premises;

    d) Failing to detect and prevent electrical activity and other malfunctions in the electrical equipment supplying electricity to the subject premises;

    e) Failing to take proper and necessary steps to protect the subject premises from an electrical fire or the hazards of electricity;

    f) Failing to properly and safely supply electricity to the subject premises

    g) Failing to properly inspect, maintain, repair and service the components of the electric system servicing the subject premises;

    h) Failing to detect and prevent electrical activity and other malfunctions in the electrical equipment supplying electricity to the subject premises;

    i) Failing to inspect the feeder cable to ensure it was properly sealed to prevent water and/or moisture intrusion;

      j)      Failing to coordinate efforts with defendant Stuart prior to the start of power washing at the outdoor meter and feeder cable to protect against water and/or moisture intrusion; and

      k)      Otherwise failing to use reasonable and due care under the circumstances.

30. As a direct and proximate result of the aforementioned acts and omissions of the defendant, the subject fire occurred.

31. As a result of said negligence, plaintiff suffered damages in an amount in excess of $500,000.00.

WHEREFORE, Plaintiff, The American Insurance Company, a/s/o Michele Guerard, requests judgment against Defendant, W.B. Dorman Construction, Inc. in its favor in the amount in excess of $500,000.00, together with interest, costs and such other relief as the Court deems appropriate.

## COUNT II
## PLAINTIFF v. DEFENDANT, W.B. DORMAN CONSTRUCTION, INC.
## BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES

32. Plaintiff incorporates by reference each and every allegation set forth above and below as though the same were fully set forth herein at length.

33. Plaintiff's insured entered into a contract with defendant to construct and install the upgraded electrical systems at the Subject Premises.

34. Defendant impliedly and/or expressly warranted that it would perform its services in a good workmanlike fashion and in accordance with applicable standards of care for electrical installations.

35. As a direct and proximate result of the aforementioned acts and omissions of the defendant, the subject fire occurred.

36. As a result of said negligence, plaintiff suffered damages in an amount in excess of $500,000.00.

WHEREFORE, Plaintiff, The American Insurance Company, a/s/o Michele Guerard, requests judgment against Defendant, W.B. Dorman Construction, Inc. in its favor in the amount in excess of $500,000.00, together with interest, costs and such other relief as the Court deems appropriate.

## COUNT III
### PLAINTIFF v. DEFENDANT, MASTERS ELECTRICAL CONSTRUCTION LLC
### NEGLIGENCE

37. Plaintiff incorporates by reference each of the foregoing paragraphs as though the same were set forth at length herein.

38. Defendant, pursuant to common law principles of negligence, is liable for the damages sustained by the plaintiff since its negligence was a proximate cause of the harm sustained by the plaintiff.

39. Defendant was negligent in:

   a) Failing to properly supervise the work of its agents, electricians and/or employees such that their negligent, reckless and careless failure to properly install the circuit breakers resulted in a fire;

   b) Improperly installing the circuit breakers;

   c) Failing to take proper and necessary steps to protect the subject premises from an electrical fire or the hazards of electricity

   d) Failing to inspect the feeder cable to ensure it was properly sealed to prevent water and/or moisture intrusion;

    e)    Failing to coordinate efforts with defendant Stuart prior to the start of power washing at the outdoor meter and feeder cable to protect against water and/or moisture intrusion;

    f)    Failing to properly inspect, maintain, repair and service the components of the electric system servicing the subject premises;

    g)    Failing to detect and prevent electrical activity and other malfunctions in the electrical equipment supplying electricity to the subject premises;

    h)    Failing to properly and safely supply electricity to the subject premises

    i)    Failing to properly inspect, maintain, repair and service the components of the electric system servicing the subject premises;

    j)    Failing to detect and prevent electrical activity and other malfunctions in the electrical equipment supplying electricity to the subject premises; and

    k)    Otherwise failing to use reasonable and due care under the circumstances.

40.    As a direct and proximate result of the aforementioned acts and omissions of the defendant, subject fire occurred.

41.    As a result of said negligence, plaintiff suffered damages in an amount in excess of $500,000.00.

WHEREFORE, Plaintiff, The American Insurance Company, a/s/o Michele Guerard, requests judgment against Defendant, Masters Electrical Construction LLC in its favor in the amount in excess of $500,000.00, together with interest, costs and such other relief as the Court deems appropriate.

## COUNT IV
## PLAINTIFF v. DEFENDANT, MASTERS ELECTRICAL LLC
## BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES

42. Plaintiff incorporates by reference each and every allegation set forth above and below as though the same were fully set forth herein at length.

43. Defendant impliedly and/or expressly warranted that it would perform its services in a good workmanlike fashion and in accordance with applicable standards of care for electrical installations.

44. As a direct and proximate result of the aforementioned acts and omissions of the defendant, subject fire occurred.

45. As a result of said negligence, plaintiff suffered damages in an amount in excess of $500,000.00.

WHEREFORE, Plaintiff, The American Insurance Company, a/s/o Michele Guerard, requests judgment against Defendant, Masters Electrical Construction LLC in its favor in the amount in excess of $500,000.00, together with interest, costs and such other relief as the Court deems appropriate.

## COUNT V
## PLAINTIFF v. DEFENDANT, STUART CONTRACTORS LLC
## NEGLIGENCE

46. Plaintiff incorporates by reference each of the foregoing paragraphs as though the same were set forth at length herein.

47. Defendant, pursuant to common law principles of negligence, is liable for the damages sustained by the plaintiff since its negligence was a proximate cause of the harm sustained by the plaintiff.

48. Defendant was negligent in:

   a) Failing to properly supervise the work of its agents, workers and/or employees such that their negligent, reckless and careless failure to properly power wash the subject premises;

   b) Improperly using power washing equipment;

   c) Failing to take proper and necessary steps to protect the subject premises from an electrical fire or the hazards of electricity;

   d) Failing to properly prepare the subject premises for power washing;

   e) Failing to ensure that openings into the premises, especially at the outside meter, were water tight and properly sealed; and

   f) Otherwise failing to use reasonable and due care under the circumstances.

49. As a direct and proximate result of the aforementioned acts and omissions of the defendant, subject fire occurred.

50. As a result of said negligence, plaintiff suffered damages in an amount in excess of $500,000.00.

WHEREFORE, Plaintiff, The American Insurance Company, a/s/o Michele Guerard, requests judgment against Defendant, Stuart Contractors LLC in its favor in the amount in excess of $500,000.00, together with interest, costs and such other relief as the Court deems appropriate.

## COUNT VI
## PLAINTIFF v. DEFENDANT, MASTERS ELECTRICAL LLC
## BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES

51. Plaintiff incorporates by reference each and every allegation set forth above and below as though the same were fully set forth herein at length.

52. Plaintiff's insured entered into a contract with defendant to perform power washing at the Subject Premises.

53. Defendant impliedly and/or expressly warranted that it would perform its services in a good workmanlike fashion and in accordance with applicable standards of care for power washing.

54. As a direct and proximate result of the aforementioned acts and omissions of the defendant, subject fire occurred.

55. As a result of said negligence, plaintiff suffered damages in an amount in excess of $500,000.00.

WHEREFORE, Plaintiff, The American Insurance Company, a/s/o Michele Guerard, requests judgment against Defendant, Stuart Contractors LLC in its favor in the amount in excess of $500,000.00, together with interest, costs and such other relief as the Court deems appropriate.

                Respectfully submitted,

                COZEN O'CONNOR

Dated: June 2, 2014        By:    /s/Melissa H. Maxman
                Melissa H. Maxman (Bar No. 426231)
                1627 I Street NW
                Suite 1100
                Washington, DC 20006
                (202) 912-4873
                mmaxman@cozen.com

OF COUNSEL:

Mark E. Opalisky
COZEN O'CONNOR
1900 Market Street
The Atrium - Third Floor
Philadelphia, PA  19103
(215) 665.2729
mopalisky@cozen.com